UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANTHONY ROBERTS,<br><br>   Plaintiff,<br><br>  – v. –<br><br>M. FALANGA TRUCKING, LLC<br>MARGARET FALANGA,<br>ANTHONY FALANGA, SR. AND<br>ANTHONY FALANGA, JR.,<br><br>   Defendants. | 20-cv- _____<br><br><br><br>COMPLAINT |

  Plaintiff Anthony Roberts by his attorneys, Cary Kane LLP, complains of Defendants as follows:

## NATURE OF THIS ACTION

  1. Roberts brings this action to remedy wage violations under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") and the New York Labor Law, §§ 190 *et seq.*, §§ 650 *et seq*. ("NYLL").

  2. Roberts seeks declaratory and injunctive relief; his unpaid wages including overtime wages and regular wages; penalties for notice and record-keeping violations; statutory liquidated damages; pre-judgment interest; his reasonable attorney fees and costs; and all other appropriate legal and equitable relief.

## JURISDICTION AND VENUE

  3. The Court has subject matter jurisdiction over Roberts's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.  The Court has supplemental jurisdiction over Roberts's NYLL claims pursuant to 42 U.S.C. § 1367(a) and NYLL §§ 198, 663 because those claims form part of the same case and controversy with Roberts's federal claims.

5.  Venue is proper within this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to these claims occurred within Orange County, New York.

6.  Venue is also proper within this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendant M. Falanga Trucking, LLC is a New York domestic business corporation that maintains its principal offices in Orange County and because upon information and belief all Defendants are residents of the State of New York.

7.  Assignment of this case to the White Plains Courthouse is proper pursuant to Rule 18(a)(i) of the Local Rules for the Division of Business Among District Judges because the claims arose in whole or in major part in Orange County and Defendant M. Falanga Trucking, LLC resides in Orange County, as does Plaintiff..

**PARTIES**

8.  Plaintiff Anthony Roberts is an individual who resides in Orange County, State of New York.  At all times relevant to this action, Roberts was a non-exempt employee of Defendants.

9.  Defendant M. Falanga Trucking, LLC (hereinafter "Falanga Trucking" or the "Company") is a limited liability corporation organized under the laws of New York.

10.  Falanga Trucking maintains its principal office at 45 Eisenhower Drive, Middletown, New York.

11.  Falanga Trucking is a long-established family-owned business.

12. Falanga Trucking is a motor carrier registered with the U.S. Department of Transportation.

13. Falanga Trucking contracts with construction companies to transport raw materials and other construction materials between construction sites, demolition sites, quarries, and recycling plants within New York State.

14. Upon information and belief, Falanga Trucking owns about 20 trucks and employs over 20 truck drivers.

15. At all times relevant to this action, Falanga Trucking was Roberts's employer within the meaning of 29 U.S.C. § 203(d) and NYLL §§ 190, 651.

16. Defendant Margaret Falanga is a member and/or owner of Falanga Trucking.

17. During the period of Roberts's employment, Margaret Falanga worked for Falanga Trucking full-time and was in the Company's office on a daily basis.

18. Margaret Falanga oversees and manages Falanga Trucking's operations and business and, upon information and belief, (i) sets the Company's hiring and payroll policies, (ii) discusses hiring and payroll questions and decisions with Defendant Anthony Falanga, Sr., and (iii) has power to direct those decisions. Her place of business is located at 45 Eisenhower Drive, Middletown, New York.

19. Defendant Anthony Falanga, Sr. is Margaret Falanga's son and the general manager of Defendant M. Falanga Trucking, LLC.

20. Anthony Falanga, Sr. also goes by the nickname "Tony".

21. It is unknown whether Anthony Falanga, Sr. is a member of M. Falanga Trucking, LLC. Upon information and belief, he makes all hiring and payroll decisions alone or after consultation with Margaret Falanga.

22. Defendant Anthony Falanga Jr. ("Falanga Jr.") is the son of Anthony Falanga Sr. and the grandson of Defendant Margaret Falanga.

23. Defendant Anthony Falanga Jr. was the Company's dispatcher. Falanga Jr. assigned Roberts's driving assignments and approved Roberts's day off requests. Defendant Falanga Jr. also received complaints or reports from Roberts concerning Falanga Trucking's trucks that Roberts drove.

24. It is unknown whether Anthony Falanga Jr. is a member of M. Falanga Trucking, LLC.

## FACTUAL ALLEGATIONS

25. Plaintiff Roberts was employed by Defendants as a truck driver from on or about February 2018 until on or about September 1, 2019.

26. The terms and conditions of Roberts's employment with Falanga Trucking were covered by a collective bargaining agreement between Falanga Trucking and Teamsters Local 456, I.B.T., a non-party to this action.

27. Roberts worked a varying number of days each week in the winter season.

28. In the summer months, Roberts worked a consistent weekly schedule.

29. Roberts generally received the specifics of his next day's assignment from Anthony Falanga, Jr. either each evening by text message or after Roberts returned to Falanga Trucking's facility at the end of Roberts's workday.

30. Roberts's daily work schedule was largely consistent. On his workdays, he rose in the very early morning hours, and then commuted from his home to Defendants' truck garage located at 94 Spruce Road in Middletown, New York.

31. Roberts generally arrived at the garage at 4:30 a.m.

32. After arrival, Roberts inspected the truck he was assigned to drive that day, including filling out paperwork.

33. After inspection, Roberts left the truck garage around 4:50 a.m. and drove the truck to the initial worksite assigned to him that day by Anthony Falanga, Jr.

34. Roberts generally arrived at the assigned worksite around 7:00 a.m. (depending on the length of the drive to the first work site and traffic conditions).

35. From the first worksite, Roberts drove the truck to other worksites where his truck was generally loaded and unloaded at various points and places by other, non-driver, non-Falanga Trucking workers.

36. Roberts generally worked all through the day driving and performing tasks at the worksites, including filling out paperwork, and generally took no lunch.

37. Roberts transported raw material, debris, and other construction and demolition materials, which in turn included sand, dirt, demolished asphalt, stone, and other materials intended to be used in construction or to be recycled after demolition.

38. Upon information and belief, most or all jobs that Roberts worked on were subcontracted to Falanga Trucking.

39. Upon information and belief, Roberts worked entirely on public construction jobs.

40. All the worksites that Roberts drove to and from were within the State of New York.

41. Upon information and belief, all Falanga Trucking's drivers also drove to worksites exclusively within the State of New York

42. Upon information and belief, the worksites upon which Roberts and other Company employees performed work were the terminus points for the transport of all the materials that Falanga Trucking was responsible to provide to its customers. Thus, Roberts's and the other drivers' work, and the Company's business, was exclusively intrastate commerce and never interstate commerce.

43. Roberts frequently drove to job sites within New York State where E.E. Cruz was the general contractor. Most frequently, Roberts drove to Mount Vernon, New York where E.E. Cruz was the general contractor demolishing and rebuilding the East Third Street Bridge (which connects Mount Vernon and Pelham).

44. Roberts also frequently drove to job sites within New York State where Yonkers Contracting was the general contractor. Most frequently, Roberts drove his truck to a worksite in Harriman, New York near New York State Route 17 (now called I-86) where Yonkers Contracting was the general contractor.

45. Once Roberts arrived at the job sites, a representative from the general contractor would sign a sheet to indicate when Roberts departed the job site.

46. From these job sites, Roberts then drove to quarries or processing facilities where the construction debris was processed.

47. Roberts generally drove construction debris to Tilcon in the Bronx, and Thalle Industries in Fishkill or Elmsford, New York.

48. After reaching the quarries or processing sites, Roberts would drive his truck back empty, or drive back carrying a load of materials.

49. Roberts's work at the worksites generally ended at 3:00 p.m. Sometimes Roberts left later than that but, on average, he departed worksites at 3:00 p.m.

50. He then drove the truck back to the Company's truck garage in Middletown, completed paperwork and other tasks at the garage and/or the Company's office, and (depending on the length of his drive back to Middletown and traffic conditions) finished work generally at 5:00 p.m.

51. After arriving back at the Middletown garage, Roberts gave his sheet signed by the general contractor to Adrian Falanga, Anthony Falanga Jr.'s wife.

52. Falanga Trucking paid Roberts an hourly wage.

53. The Company generally paid Roberts for 9-hours of work, with some variations. This pay did not compensate Roberts for all his hours worked.

54. There was no agreement between Roberts and the Company that 9 hours pay would be considered full compensation for all his hours worked.

55. On the contrary, the Company agreed to pay all hours worked, including driving time and time spent inspecting the truck, fueling, and completing required paperwork.

56. Thus, on typical workdays, Roberts was not compensated for between 4 and 6 hours of his work time.

57. On weeks when he worked 5 or more days, those unpaid hours must be compensated under the FLSA and NYLL as overtime at one-and-one-half his regular hourly wage.

58. On weeks when he worked 4 or fewer days, some of his hours must be compensated under the NYLL at his regular hourly wage, and any hours over 40 in those weeks must be compensated under the FLSA and NYLL as overtime at one-and-one-half times his regular hourly wage.

59. Roberts raised his concerns about not being paid for all hours work to Anthony Falanga Jr. in the summer of 2018.

60. Roberts asked Anthony Falanga Jr. why he was not paid from "turn key to turn key" – in other words, from the time he got into his truck at the beginning of his workday from the time he left the truck at the end of his workday.

61. Anthony Falanga Jr. told Roberts "that's not in his contract", meaning the collective bargaining agreement between Teamsters Local 456, I.B.T. and Falanga Trucking.

62. Anthony Falanga Jr. told Roberts to "stop bringing it up", referring to his pay concerns, and said "if people don't like it"—meaning Defendants' pay practices—"they can leave."

63. Upon information and belief, Defendants' violations of the FLSA and NYLL were willful.

64. Upon information and belief, Falanga Trucking is a sophisticated business enterprise and has done business in New York State continuously for many years with Defendant Margaret Falanga and her late husband at its head.

65. Upon information and belief, Falanga Trucking's annual revenue far exceeds $500,000.00.

## AS AND FOR A FIRST CLAIM
### (Failure to Pay Overtime Wage – FLSA)

66. Plaintiff repeats and re-alleges the allegations made hereinbefore.

67. At all relevant times, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one half times his regular rate of pay for all hours worked over 40 hours in a week, in violation of 29 U.S.C. § 207.

68. Upon information and belief, said violations are willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff suffered monetary damages as a result of Defendants' acts and Defendants are jointly and severally liable for said damages.

## AS AND FOR A SECOND CLAIM
### (Failure to Pay Regular "Gap-Time" Wage for All Hours Worked – NYLL)

70. Plaintiff repeats and re-alleges the allegations made hereinbefore.

71. At all relevant times, Defendants did not pay Plaintiff for all hours Plaintiff worked, which gives rise to a claim for "gap time" pay under NYLL §§ 198(1-a) and 663(1) as interpreted by the courts

72. Upon information and belief, Defendants had no reasonable, good-faith basis to believe that their actions complied with the law within the meaning of NYLL §§ 198 and 663.

73. Plaintiff suffered monetary damages as a result of Defendants' acts and Defendants are jointly and severally liable for said damages.

## AS AND FOR A THIRD CLAIM
### (Failure to Pay Overtime Wage – NYLL)

74. Plaintiff repeats and re-alleges the allegations made hereinbefore.

75. At all relevant times, Defendants failed to pay Plaintiff the statutorily required overtime wage at one and one half times their regular rate of pay for all hours worked over 40 hours in a week, in violation of NYLL § 652 and N.Y. Comp. Codes, Rules & Regs., tit. 12, § 142-2.2.

76. Upon information and belief, Defendants had no reasonable, good-faith basis to believe that their actions complied with the law within the meaning of NYLL §§ 198 and 663.

77. Plaintiff suffered monetary damages as a result of Defendants' acts and Defendants are jointly and severally for said damages.

## AS AND FOR A FOURTH CLAIM

### (Failure To Provide Wage Notices – NYLL)

78. Plaintiff repeats and re-alleges the allegations made hereinbefore.

79. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice as required by NYLL §§ 195(1)(a) and (2) when hired and when the terms and basis of his pay changed and at other required times, and the information required in the wage notices was not set forth on his wage statements at any time.

80. Under NYLL § 198(1-b), Plaintiff is entitled to recover from Defendants a penalty in the amount of $50 for each week that the violation occurred, not to exceed $5,000, together with costs and reasonable attorney fees.

81. Defendants are jointly and severally liable for said penalties.

82. NYLL § 198(2) provides that this remedy may be enforced simultaneously or consecutively with other remedies under Article 6 of the NYLL.

**JURY DEMAND**

83. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

**WHEREAS** no previous application for relief has been made for the relief requested herein, Plaintiff respectfully requests that this Court enter a judgment:

(a) declaring that the acts and practices complained of herein are in violation of the FLSA and NYLL;

(b) declaring that the acts and practices complained of herein are willful violations and without a reasonable, good-faith basis within the meaning of 29 U.S.C. § 255(a) and NYLL §§ 198, 663;

(c) permanently enjoining and restraining the violations alleged herein, pursuant to 29 U.S.C. § 217 and the NYLL;

(d) awarding Plaintiff all unpaid overtime wages due as a consequence of Defendants' violations of the FLSA and NYLL;

(e) awarding Plaintiff all unpaid "gap time" wages for hours worked and which were uncompensated as a consequence of Defendants' violations of the NYLL;

(f) awarding Plaintiff all allowable penalties for Defendants' failure to provide required wage notices in violation of the NYLL;

(g) awarding Plaintiff all allowable liquidated damages as provided for in 29 U.S.C. § 216(b);

(h) awarding Plaintiff all allowable liquidated damages as provided for in NYLL §§ 198, 663;

(i) awarding Plaintiff all allowable pre-judgment interest as provided for by NYLL §§ 198, 663;

(j) awarding Plaintiff the costs of this action together with his reasonable attorney fees, as provided in 29 U.S.C. § 216(b) and NYLL §§ 198, 663;

(k) awarding Plaintiff all allowable post-judgment interest as provided for by 28 U.S.C. § 1961(a); and

(l) granting such other and further relief to Plaintiff as this Court deems appropriate.

Dated: July 28, 2020
New York, New York

CARY KANE LLP

By: _____
Christopher S. Baluzy
1350 Broadway, Suite 2220
New York, NY 10018
T: 212-871-0535
F: 646-599-9575
cbaluzy@carykane.com
*Attorneys for Plaintiff Anthony Roberts*